UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 6: 06-101-DCR |
| Plaintiff, ) | and |
| ) | Civil Action No. 6: 10-7120-DCR |
| V. ) | |
| ) | |
| JIMMY EARL ELLIOTT, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 1, 2007, Defendant Jimmy Earl Elliott was charged in a multi-count, superceding indictment. [Record No. 75] The charges against Elliott included conspiracy to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1), possessing a firearm after having previously been convicted of a felony in violation of 18 U.S.C. § 922(g)(1), and two forfeiture counts. [*Id.*] Elliott subsequently entered a guilty plea pursuant to a written plea agreement with the government. [Record Nos. 108, 128] As part of his agreement, Elliott waived his right to collaterally attack his guilty plea and conviction. [Record No. 128]

On June 18, 2007, the Court sentenced Elliott to a total term of incarceration of 202 months. [Record No. 187, pp. 28-29] Elliott appealed his sentence to the United States Court of Appeals for the Sixth Circuit but was unsuccessful. *See United States v. Elliott*, 327 F. App'x 540 (6th Cir. 2009). Thereafter, the Supreme Court denied his petition for a writ of certiorari. *See Elliott v. United States*, 557 U.S. 928 (2009).

On May 1, 2010, Elliott filed his first motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. However, that motion was denied on May 11, 2011. Elliott unsuccessfully appealed the Court's decision. Elliott then filed a motion for leave to file a second or successive § 2255 motion, which the Sixth Circuit denied. [Record No. 276] Elliott has now filed a third motion under § 2255. [Record No. 277]

Title 28 of the United States Code, Section 2244(a)(3)(A), provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Therefore, the current motion is procedurally barred unless the Sixth Circuit determines that Elliott has presented new factual evidence or demonstrated a new rule of constitutional law. *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012); *see* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain — (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."). *Albo v. United States*, 498 F. App'x 490 (6th Cir. 2012); *West v. Bell*, 550 F.3d 542 (6th Cir. 2008); *Williams v. United States*, No. 2:03-CV-887, 2005 WL 2211184 (S.D. Ohio Sept. 9, 2005). While it does not appear that Elliott fits within either of these exceptions, that determination must be made by the Sixth Circuit.

Based on the foregoing analysis, this Court lacks jurisdiction to entertain the present motion. The matter will be transferred to the United States Court of Appeals for the Sixth Circuit so it may determined whether the claim may be presented. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is **DIRECTED** to transfer Defendant Jimmy Earl Elliott's current motion [Record No. 277] to the United States Court of Appeals for the Sixth Circuit as a successive petition seeking relief under 28 U.S.C. § 2255 in accordance with 28 U.S.C. § 2244 and Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

2. To the extent that Elliott seeks relief from this Court [Record No. 277], that request is **DENIED** in accordance with 28 U.S.C. § 2244(a).

This 10th day of June, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge