UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-101-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JIMMY EARL ELLIOTT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

***  ***  ***  ***

Defendant Jimmy Earl Elliott is currently serving a term of imprisonment of 202 months following his conviction for conspiracy to possess with intent to distribute marijuana and possessing a firearm after being convicted of a felony offense.  [Record No. 150]  On January 29, 2015, Elliott moved the Court to reduce his sentenced based on recent changes in the drug quantity tables used to calculate guideline ranges for certain drug offenses under the United States Sentencing Guidelines.  [Record No. 293]  However, because Elliott was determined to be a Career Offender under the United States Sentencing Guidelines ("U.S.S.G."), his guideline range is unaffected by the amendments.  [*See* Sentencing Transcript; Record No. 187, pp. 3–10, 26]

The Career Offender provisions provide:

(a)     A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

- 1 -

> (b) Except as provided in subsection (c), if the offense level for a career offender from the table in this subsection is greater than the offense level otherwise applicable, the offense level from the table in this subsection shall apply. A career offender's criminal history category in every case under this subsection shall be Category VI.

U.S.S.G. § 4B1.1. Under this section, if the maximum statutory penalty for the offense of conviction is life, the offense level is adjusted to 37, subject to a reduction for acceptance of responsibility. This provision has not been modified by the recent guideline amendments.

Elliott entered a guilty plea to Counts 1 and 14 of the superseding Indictment.[1] [Record Nos. 75, 108] Elliott's Presentence Investigation Report ("PSR") indicates that, based on the drug quantity attributed to him in this case, the Base Offense Level used to calculate his guideline range would have been 30. [PSR, p. 12] However, because of his status as a Career Offender, the offense level was increased to 37. Elliott then received a three-level reduction for acceptance of responsibility, lowering his Total Offense Level to 34. [PSR, p. 13] Additionally, based on his status as a Career Offender, his Criminal History Category was determined to be VI. Thus, his guideline range was calculated to be 262 to 327 months of imprisonment. [PSR, p. 27]

During the June 18, 2007 sentencing hearing, the United States moved for a downward departure under U.S.S.G. § 5K1.1, based upon substantial assistance that Elliott provided authorities. [Record No. 188, pp. 13–22] During allocution, the Court first noted that the guidelines provide a starting point, but not the ending point, for determining an appropriate sentence. The Court also pointed out the familial involvement in this significant

---

[1] Elliott also entered a plea of guilty to Counts 18 and 19 of the superseding Indictment relating to issues of forfeiture. [Record No. 108]

drug operation and the damage done to the community.  [Record No. 187, p. 27]  Further, the United States' motion under section 5K1.1 was sustained, resulting in a reduction of sixty months to the final sentence.  [*Id.*, p. 28]  As a result, the Court determined that a sentence of 202 months was sufficient, but not greater than necessary, to meet the goals of sentencing under 18 U.S.C. § 3553(a).

Based upon the recent changes in the Drug Quantity Table, Elliott argues that the Base Offense Level for the quantity of drugs attributable to him should be reduced by two levels.  However, he is incorrect.  Because of his status as a Career Offender under U.S.S.G. § 4B1.1, the Base Offense Level is increased to 37, regardless of the original level.  Thus, his non-binding guideline range of 262 to 327 months of imprisonment remains unchanged and 18 U.S.C. § 3582(c)(2) is inapplicable.  Further, even if Elliott were eligible for a reduction, one would not be warranted in light of the sentencing goals under 18 U.S.C. § 3553(a), especially considering the reduction he has already received pursuant to the section 5K1.1 motion.  Accordingly, it is hereby

**ORDERED** that Defendant Jimmy Earl Elliott's motion for reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) [Record No. 293] is **DENIED**.

This 30th day of January, 2015.



**Signed By:**

*Danny C. Reeves*  ᗪᑕᖇ

**United States District Judge**

- 3 -